REGAN LAND COMPANY, Respondent, v. CITY OF CARTHAGE, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. EQUITY: Parties: Cancelling Tax Levy. In an action by a property owner to cancel the levy of certain water taxes which the city collector was endeavoring to collect, the collector and the water company are not necessary parties, since there is no action, affirmative or negative, proposed against either of them in the bill.

2. ————: ————: ————: Water Tax: Cancelled Contract. A city has no authority to collect taxes to pay water rates under a contract with the water company which had no force or validity and had therefore been cancelled.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*J. D. Harris* for appellant.

(1) The duty of collecting the city taxes is imposed by law upon the city collector. R. S. 1899, section 5813. (2) Since the tax in question had been extended on the tax books of the city, which books had in turn been delivered to the city collector for the purpose of collecting said tax, and the city collector was demanding the payment of the same from the plaintiff, it results that the city collector is a necessary party defendant to this suit. Railroad v. Anthony, 73 Mo. 431; State ex rel. v. Sanderson, 54 Mo. 203; R. S. 1899, secs. 540 and 543; Railroad v. Anthony, 73 Mo. 431. (3) So,

too, before the legality of the city's obligation to the Carthage Water and Power Company can be adjudicated, the said Carthage Water and Power Company must be a party to the suit, it being the real party in interest, and likewise a necessary party to the complete determination of the question involved herein.   R. S. 1899, secs. 540, 543; Railway v. Anthony, 73 Mo. 434; State ex rel. v. Sanderson, 54 Mo. 203, 206; Overall v. Renzi, 67 Mo. 203; Railway v. Apperson, 97 Mo. 300; State v. Sappington, 68 Mo. 454; Lumber Co. v. Oliver, 65 Mo. App. 437; Butler v. Lawson, 72 Mo. 246; Bank v. Fudge, 109 Mo. App. 186; Revised Statutes 1899, section 598.   (4) The city of Carthage has delegated to it absolute and unqualified authority to levy, through its council, taxes up to the rate fixed by the constitutional limits of its taxing power; and that, too, without the vote or consent of its tax paying citizens; and in cities of the third class, to which class the city of Carthage belongs, the rate limited by the Constitution is fifty cents on each $100 assessed valuation of taxable property, where there is, as here, no showing that the population of the city is over ten thousand.   Sec. 11, Art. X, Constitution of Missouri; R. S. 1899, secs. 5254 and 5818; Brooks v. Schultz, 178 Mo. 222.

*Perkins & Blair* for respondent.

(1)   The petition alleges the assessment and levy of a tax of twenty cents on each $100 valuation on plaintiff's land in the petition described for the year 1906, as a water tax; that such levy has been entered and extended on the tax books of the city; and that the same is now in the hands of the city collector for collection. Having been so assessed, levied, extended and placed in the hands of the city collector, said taxes constitute a cloud on respondent's title to said real estate.   Verdin v. St. Louis, 131 Mo. 74, 80.   (2)   Under such circumstances, a tax payer has his election to proceed by

injunction or by suit in equity to remove a cloud from his title. It is optional with the taxpayer which branch of equitable relief he will seek. State ex rel. v. Phillips, 97 Mo. 339; Verdin v. St. Louis, supra. (3) There is nothing on the face of plaintiff's petition to show that the city collector has any interest whatever in the collection of the water tax assessed against plaintiff's property. He is a mere agent of the city and has no interest, pecuniary or otherwise, in this suit. Lyon v. Tevis, 8 Iowa 79; Leete v. Rider, 48 Cal. 623. (3) Plaintiff's petition alleges, and by its demurrer defendant admits that the city is under no legal obligations to pay the water company any money arising from the collection of the water tax. The water company does not claim any interest in plaintiff's lands and therefore is not a necessary party to an action to remove a cloud from plaintiff's title to said land. In an action to remove a cloud from a title the only question involved is one of the title to the land claimed by plaintiff and defendants adversely. Carey v. Brown, 58 Cal. 180. (4) This is not an injunction suit. Respondent has not asked and is not asking that the city or any officer thereof be restrained from proceeding to collect the tax described in the petition. Every case cited by appellant is an injunction suit in which it was asked that some officer of the city be restrained from the doing of some act. This action is properly brought for equitable relief against the city itself. Bayha v. Taylor, 36 Mo. App. 427; Marsh v. Brooklyn, 59 N. Y. 280. (5) In no event could the water company have any interest in the matters set forth in plaintiff's petition until it had secured a judgment against the city. State v. Bollinger County, 48 Mo. 475; State v. Clay County, 46 Mo. 231; State v. Pacific Trs. Co., 61 Mo. 155.

ELLISON, J.—Plaintiff is seeking by this proceeding to cancel the levy of certain taxes on its property

by the defendant city, on the ground that the taxes levied are illegal and are a cloud upon its property. The defendant city demurred to the petition on the ground "that said petition does not state facts sufficient to constitute a cause of action; that it appears upon the face of said petition that there is a want of necessary parties defendant." This demurrer was overruled by the trial court and defendant thereupon elected to abide by the demurrer and appealed to this court.

The defect of parties is said to be in not making the city collector and the water company parties defendant. The petition alleges that the tax purports to be to collect money to pay the "Carthage Water and Power Company" for water supplied to the defendant city for hydrant rental for the year 1906. And that the tax so levied had been entered on the tax books of the city and placed in the hands of the city collector for collection and that he was demanding payment thereof. The petition then alleged that "said taxes and the levy thereof by the defendant are illegal and that the defendant city had no authority to levy said tax on plaintiff's property for the reason that the said defendant, the city of Carthage, has no valid contract with said water company by which the said city is under any legal obligations to pay said company any hydrant rental for the year 1906. And for the reason that prior to the levying of said tax by the defendant, the said defendant through its mayor and city council cancelled the contract theretofore existing between said city and said water company under which the said water company was supplying said city with water for its hydrants at a specified amount annually, and since that time the defendant has declined and refused to pay the said water company any compensation for hydrant rentals. And for the further reason that said levy of said taxes of twenty cents on the $100 valuation on plaintiff's said property by the defendant is in excess of

the amount of taxes allowed by law to be levied on property within the city of Carthage, by said defendant."

If this proceeding were by injunction, whereby it was sought to restrain the collector from collecting and the water company from receiving the taxes alleged to be illegal, there would be more reason in the complaint that they had not been made parties defendant. But since no action, affirmative or negative, is proposed to be taken against them, we conclude they are not necessary parties. The complaint made in the petition is that taxes have been levied against plaintiff's property for the purpose of collecting money to pay the water company under a contract which had been cancelled by the city.

The purpose is to show that the city is attempting to collect a tax under a contract which it admitted was of no force or validity, since it had theretofore cancelled such contract. It seems to us that if that is shown there would be no foundation left upon which the city could stand. It places the city in the position of seeking to enforce the collection of taxes for the purpose of complying with a contract which it had annulled. It is not claimed that the water company would be bound by proceedings to which it had not been made a party.

The tax complained of is a cloud on the plaintiff's title which it has a right to have removed. [Bayha v. Taylor, 36 Mo. App. 427, and authorities cited.] The view taken by the trial court we deem to be correct and hence affirm the judgment. All concur.